**NOT FOR PUBLICATION**

FILED

OCT 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARREN VINCENT FORD,

Plaintiff-Appellant,

v.

JAHANGIRI, Doctor,

Defendant-Appellee.

No.     18-15324

D.C. No. 2:15-cv-02588-GEB-DB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted October 22, 2018**

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

California state prisoner Darren Vincent Ford appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his health or safety.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment because Ford failed to raise a genuine dispute of material fact as to whether Dr. Jahangiri consciously disregarded the risk presented by Ford's threat to commit suicide if he were not transferred to another facility for treatment. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (deliberate indifference requires that a prison "official knows of and disregards an excessive risk to inmate health or safety"); *see also Toguchi*, 391 F.3d at 1058-60 (medical malpractice, negligence, or a difference of opinion regarding the course of treatment do not amount to deliberate indifference).

The district court did not abuse its discretion in denying Ford's motion for additional discovery because Ford failed to demonstrate that he suffered any actual and substantial prejudice. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." (citation and internal quotation marks omitted)).

We do not consider matters raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

18-15324

We reject as without merit Ford's contention that the magistrate judge was biased against him.

Ford's request for appointment of counsel, set forth in the opening brief, is denied.

**AFFIRMED.**

18-15324